FILED
CLERK U.S. DISTRICT COURT

MAR 23 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER TODD JACKSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　　Defendants. | Case No. CV 05-3362 DOC(JC)<br><br>~~(PROPOSED)~~<br><br>ORDER ADOPTING AMENDED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed all of the records herein, the attached Amended Report and Recommendation of United States Magistrate Judge ("Report and Recommendation"), Plaintiff's Opposition to Report and Recommendation ("Plaintiff's Objections"), and Plaintiff's Declaration in Support of Plaintiff's Objections. After conducting a de novo review, this Court overrules Plaintiff's Objections and concurs with and adopts the findings, conclusions, and recommendations of the United States Magistrate Judge. The Court addresses plaintiff's primary objections below.

Plaintiff raises two primary objections to the Report and Recommendation's central conclusion that plaintiff has failed to exhaust his administrative remedies prior to pursuing the instant lawsuit.

First, plaintiff contends that the failure of the prison appeals coordinator to respond to his October 1, 2003 grievance within thirty (30) days, as required by the governing regulation and operations manual, rendered further administrative remedies unavailable. As a prisoner is only required to exhaust *available* administrative remedies, plaintiff argues that his claim was exhausted after the thirty (30) day period to process his grievance expired without action by the appeals coordinator. The Ninth Circuit has recognized that a "[d]elay in responding to a grievance, particularly a time-sensitive one, *may* demonstrate that no administrative process is in fact available." See Brown v. Valoff, 422 F.3d 926, 943 n.18 (9th Cir. 2005) (emphasis added). However, absent facts suggesting that a plaintiff is prejudiced by the delay, such a determination is not necessarily appropriate. See id. (court declined to find that administrative process not available where no facts suggested that plaintiff was prejudiced by the long time it took to conclude the investigation into his staff complaint – an investigation which regulations and operations manual required to be completed within one year). Here, accepting as true plaintiff's assertions that he timely submitted his grievance on October 1, 2003, and that the appeals coordinator improperly waited until January 2004 to address it, plaintiff offers no facts to suggest that he was prejudiced by the appeals coordinator's *delay*, as opposed to the appeals coordinator's assertedly erroneous determination that his grievance was untimely – a determination which plaintiff could have, but failed to challenge administratively.

Plaintiff also argues that the appeals coordinator, by failing to list any instructions or appeal routes available on the screen-out form, "essentially deterred plaintiff from being aware of and pursuing any further actions with regard to his appeal, thus exhausting available administrative remedies." (Plaintiff's Objections at 6-7). Plaintiff primarily relies upon a provision of the California Department of Corrections and Rehabilitation Operations Manual ("DOM") which requires a screened out appeal to be accompanied by "[c]lear instructions of information

needed *or* appeal route to be taken. . . ." DOM § 54100.8 (italics emphasis added). However, as noted in the Report and Recommendation, the screen out sheet in this case reflects that plaintiff's appeal was rejected because: "There has been too great a TIME LAPSE between when the action or decision occurred and when you filed your appeal *with no explanation of why you did not or could not file in a timely fashion. . . .*" (Complaint Ex. A-1) (emphasis added). Contrary to plaintiff's suggestion, this description provides a clear instruction of the information needed – an explanation of why plaintiff did not or could not file in a timely fashion. Despite being made aware of the information which was missing from his appeal, plaintiff made no attempt to provide such information to the appeals coordinator, or otherwise further to pursue the administrative process.

     Consequently, this Court overrules Plaintiff's Objections to the Report and Recommendation and its central conclusion that plaintiff has failed to exhaust his administrative remedies prior to pursuing the instant lawsuit.

     IT IS THEREFORE ORDERED that: (1) Defendants' Motion for Judgment on the Pleadings is granted; (2) Plaintiff's Motion for Preliminary Injunction is denied; and (3) Judgment be entered dismissing this action without prejudice.

     IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the Report and Recommendation, and the Judgment herein by United States mail on plaintiff and on counsel for defendants.

     LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 23, 2008

                                            David O. Carter
                                    HONORABLE DAVID O. CARTER
                                    UNITED STATES DISTRICT JUDGE